UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | **INFORMATION** CR15-31 SRN |
| Plaintiff,   ) | |
| ) | 18 U.S.C. § 1341 |
| v.   ) | 18 U.S.C. § 981(a)(1)(C) |
| ) | 28 U.S.C. § 2461(c) |
| MARK DAVID SAMPICA,   ) | |
| ) | |
| Defendant.   ) | |

THE UNITED STATES ATTORNEY CHARGES THAT:

## INTRODUCTION

1. From in or about June 2013 through in or about April 2014, Defendant Mark David Sampica devised and participated in a scheme to defraud by making hundreds of thousands of dollars in false claims for payments from a class action settlement fund in *In re: Zurn Pex Plumbing Products Liability Litigation*, Civ. No. 08-MD-1958 (ADM/AJB) ("Zurn Pex Litigation").

2. At all times relevant to this Information, Zurn Industries, LLC and its successor company Zurn Pex, Inc. (collectively, "Zurn") manufactured and sold plumbing system involving brass fittings. In or about July 2007, a class action lawsuit was filed in Minnesota state court, alleging that Zurn sold defective brass plumbing fittings. After several related lawsuits were filed, the Judicial Panel on Multidistrict Litigation established an MDL proceeding and transferred all pending actions to federal court in the District of Minnesota.

SCANNED
JAN 30 2015
U.S. DISTRICT COURT MPLS

3. In or about October 2012, the parties to the Zurn Pex Litigation reached a settlement, and the district court approved a notice plan and claims process. As part of the settlement, a fund was established to pay class members' claims for repair, replacement and consequential damages. Zurn's total payments to class members under the settlement were capped at $20 million, and Zurn was required to pay no more than $3 million in claims to class members per year.

4. Pursuant to the notice plan, Zurn notified potential class members of the settlement by, among other ways, sending direct mail to known owners of the relevant brass fittings, publishing notice in various magazines, purchasing Internet banner ads on AOL and Facebook, issuing a press release, and creating a website at www.PlumbingFittingSettlement.com. The website included a copy of the claim form that class members were required to fill out and submit in order to make a claim from the Zurn Pex Litigation settlement fund.

## THE SCHEME TO DEFRAUD

4. From at least in or about June 2013 and continuing through at least April 2014, in the State and District of Minnesota and elsewhere, the defendant,

### MARK DAVID SAMPICA,

knowingly and intentionally devised and executed a scheme and artifice to defraud and to obtain money and property from Zurn and from members of the Zurn Pex Litigation settlement class by means of material false and fraudulent pretenses, representations, and promises.

2

5.  It was part of the scheme to defraud that between June 2013 and April 2014, Sampica filled out and mailed eight false claim forms and supporting documentation to the Zurn Pex Claims Administrator. Each of the eight claim forms required Sampica to sign the following certification: "All the information that I/we supplied in this Claim Form is true and correct to the best of my/our knowledge and belief and this document is signed under penalties of perjury." Using the eight claim forms, Sampica falsely claimed to have paid a total of $722,972.99 in out-of-pocket expenses as a result of leaks caused by defective Zurn plumbing fittings.

6.  It was further part of the scheme and artifice to defraud that Sampica made the following types of false statements on the claim forms, among others:

   a.  Sampica claimed to have incurred damages at properties he did not own on the dates of the claimed losses;

   b.  Sampica claimed to have incurred damages from leaks that did not occur;

   c.  Sampica made several of the false claims in the names of his three minor sons – L.S., A.S., and G.S. – and forged their signatures on the claim forms;

   d.  after filing the initial false claim form, Sampica falsely claimed on subsequent claim forms that he had never made any previous claims related to the Zurn plumbing fittings; and

   e.  Sampica claimed to have made claims to his homeowners' insurance and various assistance programs for losses he incurred as a result of the leaks, when in fact Sampica made no such claims and the leaks did not occur.

3

7. It was further part of the scheme and artifice to defraud that Sampica created false supporting documents and submitted them to the Zurn Pex Claims Administrator along with the false claim forms in order to substantiate his false claims for payments. For example, Sampica forged letters, purportedly from home inspectors and construction companies who conducted inspections and repairs at the properties listed on the claim forms. In reality, none of these companies performed any work for Sampica. Sampica also created fake checks purporting to show payments made to the construction companies for the repairs.

8. As a result of Sampica's false claims for payments, Zurn paid Sampica $6,919.

## COUNT 1
(Mail Fraud)

9. Paragraphs 1 through 8 are incorporated by reference as if fully set forth herein.

10. On or about January 14, 2014, in the State and District of Minnesota, the defendant,

**MARK DAVID SAMPICA,**

for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, knowingly caused to be sent, delivered, and moved by the United States Postal Service, according to the directions thereon, a claim form and supporting documentation falsely claiming $230,919 in out-of-pocket expenses for claimed damage to a residence in Maple Grove, Minnesota from Zurn plumbing fittings, signed in the

name of Sampica's minor son, L.S., and mailed to the Zurn Pex Claims Administrator in Portland, Oregon, in violation of Title 18, United States Code, Section 1341.

## FORFEITURE ALLEGATIONS

Paragraphs 1 through 10 of this Information are incorporated herein by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

As a result of the offense alleged in Count 1, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation of Title 18, United States Code, Section 1341.

If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All in violation of Title 18, United States Code, Sections 1341 and 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

Dated: January 30, 2015

ANDREW M. LUGER
United States Attorney

BY: KIMBERLY A. SVENDSEN
Assistant U.S. Attorney
Attorney ID No. 235785CA