UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **United States of America,** | **Civil No. 15-CR-31 (SRN)** |
| | **ORDER** |
| v. | |
| **Mark David Sampica,** | |
| **Defendant**. | |

Kimberly A. Svendsen, United States Attorney's Office, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, for Plaintiff

Mark David Sampica, 11145 Hillsboro Avenue, Champlin, Minnesota 55316, Pro Se

Thomas E. Bauer, Thomas Bauer and Associates, 14225 Highway 55, Plymouth, Minnesota 55447, for Defendant

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Mark David Sampica's Pro Se Motion for an Emergency Stay of Imprisonment Pending Appeal [Doc. No. 33].[1] Based on a review of the file, record and proceedings herein, and for the following reasons, the Court denies Defendant's motion.

I. BACKGROUND

On February 23, 2015, Sampica entered a guilty plea to a charge of mail fraud, in

---

[1] Although Defendant is represented by counsel, he filed the instant motion in a pro se capacity.

1

violation of 18 U.S.C. § 1341.  On June 23, 2015, this Court sentenced Sampica to an 18-month term of imprisonment, followed by a two-year term of supervised release. (Minute Entry of 6/23/15 [Doc. No. 21].)  The Court recommended to the Bureau of Prisons that Defendant be designated to a facility in Minnesota in order to be close to his family, or alternatively, be designated to a facility as close to Minnesota as possible.  (See Third Am. Sentencing J. at 2 [Doc. No. 34].)

Sampica filed a notice of appeal from his conviction on June 25, 2015 [Doc. No. 24].  He now moves for an emergency stay of his imprisonment and to continue his release pending his appeal.

## II. DISCUSSION

As a threshold matter, it appears that this Court has jurisdiction to entertain the present motion although Defendant has already filed a notice of appeal, "because the statute under which Defendant is claiming relief, 18 U.S.C. § 3143(b), confers limited jurisdiction upon district courts to decide this issue."  See United States v. Smith, 595 F. Supp. 2d 953, 956 (S.D. Iowa 2009) (citing United States v. Estrada, No. 07-10038, 2008 WL 2148762, at *2 (D.S.D. May 21, 2008)).

Turning to the merits of Defendant's motion, § 3143(b)(1) provides, in part:

[T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds –

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the

2

community if released . . . ; and,

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in --

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). A defendant bears the burden of establishing that he is entitled to release pending appeal. United States v. Powell, 761 F.2d 1227, 1232 (8th Cir. 1985) (en banc); see also Fed. R. App. P. 9(c) (providing, in part, "[t]he burden of establishing . . . that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or in an order for a new trial rests with the defendant"). In addition to the statutory language which favors detention, the Eighth Circuit Court of Appeals has made clear that release pending appeal under § 3143(b) is a very limited exception to detention: "The Bail Reform Act of 1984 made it much more difficult for a convicted criminal defendant to obtain his release pending appeal. The Act's intent 'was, bluntly, that fewer convicted persons remain at large while pursuing their appeals.'" United States v. Marshall, 78 F.3d 365, 366 (8th Cir. 1996) (citing Powell, 761 F.2d at 1231). Accordingly, the Eighth Circuit "requires a showing that the appeal presents 'a close question' – not 'simply that reasonable judges could differ' – on a question 'so

3

integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor.'" Id. (citing Powell, 761 F.2d at 1234).

Sampica's argument in favor of release pending appeal is that the Court erred in calculating his sentence by using an incorrect method to calculate the Special Offense Characteristics contained in the Presentence Investigation Report, resulting in a longer sentence. (Def.'s Mot. for Stay at 1 [Doc. No. 33].) Having reviewed the matter, the Court finds that Defendant has not raised a substantial question of law or fact that falls under any of the categories enumerated in § 3143(b)(1)(B). Because the Court finds that Defendant has not established the elements of § 3143(b)(1)(B), the Court need not consider § 3143(b)(1)(A), which concerns whether Defendant poses a danger to the community or presents a risk of flight.

**THEREFORE, IT IS HEREBY ORDER THAT:**

Defendant's Pro Se Motion for an Emergency Stay of Imprisonment Pending Appeal [Doc. No. 33] is **DENIED**.

Dated:  July 13, 2015

                                           s/Susan Richard Nelson
                                           SUSAN RICHARD NELSON
                                           United States District Judge